UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASIMIR GRIFFIN, CAPE VERDEAN KING OF KINGS,

                Plaintiff,

-against-

FACEBOOK; INSTAGRAM; SNAP CHAT; PAY PAL; DRAFT KINGS; MESSENGER; META MASK; CASH APP; EXTRA CARD; ONE BANK; TD BANK,

                Defendants.

25-CV-5585 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, who currently is held at the Orange County Jail, brings this action, *pro se*, invoking the court's federal question jurisdiction.[1] By order dated August 27, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] The Court dismisses this action for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

---

[1] Plaintiff filed the complaint in this action without a prisoner authorization. By order dated July 10, 2025, the Chief Judge Laura Taylor Swain directed Plaintiff to cure this deficiency, which he did by filing a prisoner authorization on July 22, 2025.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action against certain smartphone apps and banks, including Facebook, Instagram, Snap Chat, PayPal, Draft Kings, Messenger, Meta Mask, Cash App, Extra Card, One Bank, and TD Bank, as well as 150 unidentified parties. He invokes the court's federal question jurisdiction and attempts to assert claims that Defendants violated his federal

constitutional rights. He alleges that the events giving rise to his claims occurred on the "internet, social media, i-cloud, phone app's" and in Newburgh, New York, and the Orange County Jail between 2019 and 2025.[3] (ECF 1, at 3.)

The following allegations are drawn from the complaint. Plaintiff alleges,

> I was released from Cumberland Federal Correctional Institution on September 7th 2022, on a appeal after stating that I'm King of King's on record during a violation hearing with Richard J. Sullivan. Immediately, I became a target of the people's of Orange County, my community, the jail, law enforcement, and people's of my non-biological family. Because I'm protected by IFA/Santeria, I'm a constant target oof witchcraft, folklore, voodoo, vondoo, etc. Also because I'm a Cape Verdean. On December 10th 2022, I was shot in my leg involving a incident with witchcraft. To support this claim, several letters were written to "Hon. Judge Richard J. Sullivan," speaking on how the Orange County Jail staff and "Diana Daige" used witchcraft on me. My blood was taken from the medical department in Orange County Jail and use for voodoo doll's and witchcraft purpose's. I have unique bilateral shoulder injurie's to support this claim.

(*Id.*)

Plaintiff further alleges that his "entire phone was compromised via my I-Cloud," and that "1.8 million" was taken from his TD Bank account, "which was sent from my Boyega Sports 'Draft Kings account.[']" (*Id.* at 4.) He maintains that "[o]ver 120 people logged into their phones using my i-cloud, connected to other IP addresses and IME-numbers" and "Apple was notified of the fact many people using their phone to access my personal phone." (*Id.*) Plaintiff's "phone calls were diverted" and his messages "were blocked and diverted." (*Id.*) Phone numbers were deleted from his phone, his money "was taken," and he "was signed out of all of my social media accounts, in effort's killing all contact with loved one's and other's that support me and care for me." (*Id.*) Plaintiff's Cash App, PayPal, Extra Card, TD Bank, One Bank, and Meta

---

[3] Plaintiff writes in all capital letters. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the original unless noted otherwise.

Mask accounts "were accessed" and "money was taken from some accounts, money was hidden in other accounts." (*Id.*)

Plaintiff further alleges that there is "a chemical called, Techno-99 that allows you to look inside a person's nervous system and communicate with them radioactively" that is "being used on people throughout the region, and is used in a manner to make the person it's used on appear to be mentally unfit." (*Id.* at 5.)

Plaintiff describes his injuries as,

> The unlawful seizure and false arrest[.] Unlawfully deprived me of liberty interest against my unalienable rights, bringing me bodily pain, discomfort, inconvenience, loss of time, mental suffering, distress, duress, anguish, shame, loss of job, loss of enjoyment of life, loss of personal property, violation of constitutional (both state plus federal). Fear for my life, mental suffering, fright, grief, lack of care plus negligence, defamation.

(*Id.* at 9.)

Plaintiff seeks $550 million "per minute" in damages. (*Id.* at 10.)

## DISCUSSION

**A.    Subject matter jurisdiction**

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see*

4

Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

### 1.    Federal question jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Here, Plaintiff invokes the court's federal question jurisdiction, and states that he is attempting to bring federal constitutional claims under 42 U.S.C. § 1983. However, a claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Plaintiff sues only private parties, and he alleges no facts suggesting that they work for any state or other government body, or that they should otherwise be considered state actors for purposes of

Section 1983. Furthermore, Plaintiff alleges no plausible facts suggesting any viable federal claim, constitutional or otherwise, against Defendants. The Court therefore lacks federal question jurisdiction of this action.

### 2. Diversity of citizenship jurisdiction

Plaintiff also does not allege facts demonstrating that the Court has diversity of citizenship jurisdiction of this action. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, an individual is a citizen of the State where he is domiciled, which is defined as the place where the individual "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.* When a plaintiff is incarcerated, there is a rebuttable presumption that he retains his pre-incarceration domicile, rather than establishing a new domicile based on the location of his current incarceration. *See Blumatte v. Quinn*, 521 F. Supp. 2d 308, 312 n.3 (S.D.N.Y. 2007) (citing *Fermin v. Moriarty*, No. 96-CV-3022 (MBM), 2003 WL 21787351 at *2 (S.D.N.Y. 2003) ("It is well-established that a prisoner does not acquire a new domicile when he is incarcerated in a state different from his previous domicile. Instead, the prisoner retains his pre[-]incarceration domicile [for diversity purposes].")).

A corporation is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters). For purposes of diversity jurisdiction, a limited liability company (an "LLC") is deemed to be a citizen of each

6

state of which its members are citizens.[4] *See Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

To establish diversity jurisdiction, a plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Here, Plaintiff alleges that he is currently detained in the Orange County Jail, but he does not state his pre-incarceration domicile. While he provides addresses for the various corporate entities he names as defendants, he does not allege any facts that establish their citizenship for diversity purposes. For example, even if the Court assumes these entities are corporations (rather than limited liability companies) and that the addresses Plaintiff provides are addresses of their principal places of business, Plaintiff does not allege the state in which each corporation is incorporated. Thus, Plaintiff has failed to demonstrate that the parties are diverse.

Furthermore, while Plaintiff seeks $550 million "per minute" in damages (ECF 1, at 9), his allegations do not suggest that any state law claims he may be able to assert are worth more than the $75,000 jurisdictional minimum. The Court therefore lacks diversity of citizenship jurisdiction of Plaintiff's claims.

**B.     Frivolousness**

The Court also finds that many of Plaintiff's allegations are frivolous. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the

---

[4] Because a limited liability company is not a corporation, the rule for determining the citizenship of a corporation is inapplicable to determining the citizenship of a limited liability company. *See Ali v. Am. Univ. of Antigua, Inc.*, No. 1:25-CV-2065 (LTS), 2025 WL 897043, at *4 (S.D.N.Y. Mar. 24, 2025).

wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' − that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact."); *Livingston*, 141 F.3d at 437("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

Here, Plaintiff's claims appear to be premised, in part, on his belief that he is the "constant target of witchcraft" (*id.* at 3); that Orange County Jail staff took his blood to be "use[d] for voodoo doll[]s and witchcraft" (*id.*); and that unspecified individuals are using "a chemical called, Techno-99 that allows you to look inside a person's nervous system and communicate with them radioactively" (*id.* at 5).

A "[p]laintiff's beliefs − however strongly he may hold them − are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no factual basis for these assertions. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414, 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing basis for information and belief); *Johnson v. Univ. of Rochester Med. Ctr.*, 686 F. Supp. 2d 259, 266 (W.D.N.Y. 2010) (even where necessary

evidence is in "exclusive control of the defendant, . . . plaintiff must still set forth the factual basis for that belief").

The Court finds that Plaintiff does not provide any plausible factual support for these allegations and that they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. These allegations amount to conclusory claims and suspicions that are not plausible and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him"); *Khalil v. United States*, No. 17-CV-2652, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible").

The Court, therefore, also dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

C. **Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because many of Plaintiff's allegations are frivolous and the complaint does not suggest that the deficiencies identified above could be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for lack of subject matter jurisdiction and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i); Fed. R. Civ. P 12(h)(3).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated: October 2, 2025
New York, New York

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J.